UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LAFONE JONES                                                                                         PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:10-CV-361-S

LIFE INSURANCE COMPANY OF NORTH AMERICA                                      DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on plaintiff Lafone Jones' Motion to Remand (DN 5). The defendants have responded (DN 7) and plaintiff has replied (DN 8). The defendants have also moved for leave to file a sur-reply in support of their motion opposing remand (DN 9), which the plaintiff opposes (DN 10). For the reasons set forth below, we will grant defendant's motion to file a sur-reply and will grant plaintiff's motion to remand.

**BACKGROUND**

Jones is a participant in a long-term disability benefit plan provided by his employer and administered by the Life Insurance Company of North America ("LINA"). He claims he became eligible for benefits under the plan in December 2009 and has remained so ever since. Compl. ¶ 12. Jones argues that LINA wrongly denied him benefits based on an exclusion in the plan for pre-existing conditions. Had Jones been awarded benefits, the policy would have paid him 50% of his gross earnings each month, for a total monthly payment of $589.34. Compl. ¶¶ 13–14.

In April 2010, Jones filed this action in Jefferson County, Kentucky Circuit Court, alleging breach of contract, violation of Kentucky's Unfair Claims Settlement Practices Act

(UCSPA),[1] breach of LINA's duty to act in good faith, and violation of Kentucky's Consumer Protection Act (CPA).[2] He seeks compensable, equitable, and exemplary damages, as well as attorneys' fees, costs, and pre- and post-judgment interest. LINA removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Jones now moves to remand to state court because the amount in controversy does not exceed $75,000.

**ANALYSIS**

*1. LINA's Motion to File a Sur-Reply*

As a threshold matter, we consider LINA's motion to file a sur-reply to its brief. Jones objects to this motion because no local rule permits such a filing. LINA's motion explains that it seeks to address the implications rased by the case of *Massachusetts Casualty Insurance Company v. Harmon*, which Jones cites for the first time in his reply brief. We note that "the purpose of pleading is to facilitate a proper decision on the merits." *United States v. Hougham*, 364 U.S. 310, 317 (1960), quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Because *Harmon* was cited for the first time in Jones' reply brief, has important implications for the resolution of Jones' motion, and because the arguments contained in LINA's sur-reply will aid us in reaching a proper decision on the merits, we will grant LINA's motion to file its sur-reply.

*2. Jones' Motion to Remand*

We now address Jones' claim that his case must be remanded to state court because it does not allege an amount in controversy sufficient to satisfy this court's jurisdiction.

A case may be removed from state to federal court if the case could have originally been

---

[1] KY. REV. STAT. § 304.12-230.

[2] KY. REV. STAT. § 367.160, *et seq.*

brought in the federal forum. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A defendant seeking removal has the burden of proving that jurisdiction in the district court is proper. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). This burden includes providing "competent proof" and "specific facts" that the amount in controversy is greater than the jurisdictional minimum. *Gafford*, 997 F.2d at 160. "[W]here plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006), quoting *Gafford*, 997 F.2d at 15.

LINA claims it has met its burden because the value of Jones' case – by its own calculation – totals at least $90,000. Def.'s Resp. to Pl.'s Motion to Remand, Ex. A at ¶ 3 (Aff. of Lisa M. Mekkelsen). According to LINA, Jones could potentially recover $2,982.11 in past benefits for the period between December 2009 and May 2010. He could also potentially recover future benefits for the remainder of the policy in the amount of $90,117.[3] This amount, combined with the value of the attorneys' fees and punitive damages Jones seeks, would more than satisfy the amount in controversy requirement. Jones argues, however, that the amount of future disability benefits is speculative only and that it is not certain that Jones "will remain disabled or live for the entire duration of potential benefits." Pl.'s Reply in Support of Motion to Remand at

---

[3]LINA asserts that these future benefits have a present value of $66,066.15.

3. Thus, Jones argues that only the $2,982.11 in past benefits should be included in the jurisdictional calculation.

If a plaintiff is suing an insurer under a breach of contract theory, future benefits may not be included in the amount in controversy unless the validity of the entire policy is in question. *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 416 (6th Cir. 1996). Where, as in this case, the matter pertains only to the extent of the insurer's obligation under the policy, future benefits cannot be counted toward the jurisdictional requirement. *Id.* at 416–17. Therefore, Jones' future benefits cannot be counted toward the amount in controversy with respect to his claim for breach of contract.

LINA argues, however, that because Jones' other claims – for bad faith and violations of two Kentucky laws – are tort actions, the rule limiting the counting of future benefits does not apply. LINA points to two cases from other jurisdictions which recognized that future benefits could be counted toward the amount in controversy when a plaintiff was suing an insurer under a tort theory. *See Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1340 (C.D. Cal. 2004); *Flores v. Standards Ins. Co.,* No. 3:09-CV-005-1-LRH-RAM, 2010 WL 185949 at *4 (D. Nev., Jan. 15, 2010). LINA argues that since Jones' statutory and bad-faith actions sound in tort, and because tortfeasors in Kentucky are liable for all damages proximately resulting from their actions, Jones could potentially be awarded all future benefits owed to him in a tort case.

Although *Albino* and *Flores* held that a plaintiff could recover future benefits in a tort action against an insurer, both decisions hinged on the application of state law. *See Albino*, 349 F. Supp. 2d at 1339–40 (finding that California law permitted recovery of future benefits for a bad faith claim); *Flores*, 2010 WL 185949 at *4 (reaching a similar conclusion with respect to

Nevada law). LINA points to no Kentucky case indicating Kentucky courts would reach the same result. Absent binding state precedent, we are reluctant to predict that Kentucky courts would decide this question in favor of awarding future benefits in bad faith, CPA, or UCSPA actions.[4] LINA has not carried its burden with respect to the availability of future benefits in Jones' state tort actions.

LINA fails to point to any other specific facts – beyond the limits of its own policy – that would render it more likely than not that Jones' claim satisfies the amount in controversy requirement. In fact, the facts known in this case weigh in favor of remand. First, the amount of each monthly payment at issue here – just shy of $600 – is relatively small. For LINA to reach the policy limits it alleges, it would have to pay Jones this benefit for slightly more than nine years.[5] Without additional evidence of the likelihood of LINA's continuing obligation, we are reluctant to assume that these small payments would, over the course of nearly a decade, accrue to an amount sufficient to reach the jurisdictional minimum. Second, LINA has provided no evidence about the nature or extent of Jones' disability. The only information available from the pleadings provides that Jones has been disabled since December 2009 and remains so; this, without more, renders it impossible to draw any conclusions about the possibility of LINA's

---

[4]At least one court has disagreed with the idea that future benefits are recoverable in bad faith tort actions. *See Univ. Med. Assocs. of Medical Univ. of S.C. v. UNUMProvident Corp.*, 335 F. Supp. 2d 702, 711 (D.S.C. 2004) ("While it is true that bad faith refusal to pay insurance benefits sounds in tort rather than contract, the tort is necessarily connected with the contract and, as such, the cause of action retains qualities of both. The reasoning in [two cases denying future benefits in the contractual context] is applicable in the bad faith context because awarding future benefits under the policy is a tricky process bordering on speculation.")

[5]We arrived at this number by taking the estimated present value of the policy ($66,066.15) and dividing it by the current monthly benefit ($589.34) – for a quotient of approximately 112 months, or 9.34 years.

long-term obligations under the policy.

Finally, LINA has not shown that including punitive damages or attorneys' fees in the calculation would meet the amount in controversy requirement. It has alleged only that punitive damages are available in Kentucky CPA and UCSPA actions; it has provided no proof as to the potential amounts of damages available nor provided any explanation as to how these damages might help bridge the gap between the certain damages Jones seeks (approximately $3000 in past due benefits) and the $75,000 jurisdictional requirement. Similarly, LINA has provided no evidence about the potential value of attorneys' fees Jones might receive – only that Jones seeks them and that they may be included in the amount in controversy calculation.

Because LINA has not carried its burden to show by specific facts and competent proof that the amount in controversy is more likely than not $75,000, we hereby grant Jones' motion to remand this case to state court.

A separate order will be issued in accordance with this opinion.